Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Dec 31 2012, 11:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

`

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON CASTILLO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1204-CR-212 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable George A. Hopkins, Judge
Cause No. 34D04-1111-FC-199

**December 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

STATEMENT OF THE CASE

Jason Castillo appeals his convictions and aggregate six-year sentence for Class C felony operating a motor vehicle after driving privileges are forfeited for life, Ind. Code § 9-30-10-17 (1993), and Class A misdemeanor operating a vehicle with an alcohol concentration equivalent of at least 0.15, Ind. Code § 9-30-5-1(b) (2001). We affirm.

ISSUES

Castillo raises two issues, which we restate as:

I.       Whether the evidence is sufficient to sustain his convictions.

II.      Whether his sentence is inappropriate.

FACTS AND PROCEDURAL HISTORY

In November 2011, highway construction worker David Smith sat in a truck filled with asphalt in the closed right lane of southbound U.S. 31 just north of Boulevard Street in Howard County. Smith saw a vehicle drive down the left lane and stop at the traffic light. The driver, later identified as Castillo, was the only occupant of the vehicle. When the light turned green, the vehicle did not move. Instead, Castillo got out of the vehicle, stood next to it, and talked on his cell phone. He then crossed the northbound lanes to a Bob Evans parking lot.

Meanwhile, Sergeant Thomas Zeiser of the Indiana State Police was driving southbound on U.S. 31 approaching Boulevard Street when he noticed that traffic was backed up and going around a stopped vehicle blocking the only open lane of traffic. Sergeant Zeiser pulled up behind the vehicle and activated his emergency lights. The

2

keys were still in the vehicle, the doors were unlocked, and the lights were on. There was a beer can in the center console and an empty 32-ounce beer bottle on the floorboard.

Sergeant Zeiser asked John Hopson, who was in a dump truck parked near the vehicle, if he knew where the driver was and why the vehicle was blocking traffic. Hopson used his CB radio to ask if anyone had seen where the driver had gone. Smith, through Hopson, advised Sergeant Zeiser of what he had seen and further advised that the driver was still at Bob Evans on his cell phone.

Sergeant Zeiser looked over at Bob Evans and saw Castillo standing outside talking on his cell phone. He called Castillo over to the vehicle. When asked why he left the vehicle in the middle of the roadway, Castillo responded that the vehicle had broken down, so he had walked to Bob Evans to call his girlfriend. Castillo smelled of alcohol, his eyes were red and glassy, and his balance was unsteady. Castillo admitted he had been drinking in the afternoon but said he had not consumed anything since the vehicle had broken down. Castillo failed a field sobriety test, and a portable breath test came back positive for alcohol. When Sergeant Zeiser ran Castillo's name and date of birth through his computer, it showed that Castillo was a habitual traffic violator with a lifetime suspension.

Sergeant Zeiser transported Castillo to the Howard County Sheriff's Department, where Castillo failed two other field sobriety tests. Sergeant Zeiser then administered a chemical breath test, which indicated that Castillo's blood alcohol content was 0.19.

The State charged Castillo with Class C felony operating a motor vehicle after driving privileges are forfeited for life and Class A misdemeanor operating a vehicle with

3

an alcohol concentration equivalent of at least 0.15. A jury found Castillo guilty of both counts, and the trial court imposed six years on the Class C felony and a concurrent one year on the Class A misdemeanor, for an aggregate sentence of six years. Castillo now appeals.

## DISCUSSION AND DECISION

### I. SUFFICIENCY OF THE EVIDENCE

Castillo contends that the evidence is insufficient to sustain his convictions. In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of the witnesses. *Treadway v. State*, 924 N.E.2d 621, 639 (Ind. 2010). Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdicts. *Id.* We affirm the convictions if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

Castillo does not argue that his driving privileges were not forfeited for life. Nor does he argue that his alcohol concentration equivalent was less than 0.15. Instead, Castillo's only sufficiency argument challenges the element of both crimes requiring the State to prove beyond a reasonable doubt that Castillo operated a vehicle. *See* Ind. Code §§ 9-30-10-17, 9-30-5-1(b).

The evidence most favorable to the verdicts shows that Smith saw a vehicle drive down the left lane, stop at the light, and remain there when the light turned green. The driver, who was the only person in the vehicle, then got out and went to the Bob Evans parking lot. When Sergeant Zeiser arrived on the scene, Smith told him that the driver was still at Bob Evans on his cell phone. Sergeant Zeiser saw Castillo outside Bob Evans

4

talking on his cell phone and beckoned him over. When Sergeant Zeiser asked Castillo why he left his vehicle in the middle of the roadway, Castillo said that the vehicle had broken down. This is ample evidence showing that Castillo operated a vehicle.

Despite this clear evidence, Castillo argues that, at trial, Smith could not say for certain whether Castillo was the driver. When the State asked Smith to identify the driver in court, Smith said, "Sure looks a lot like him to me." Tr. p. 196. The State then asked, "You wouldn't say it's a hundred percent positive ID, is that fair to say?" *Id.* Smith responded, "I can't say a hundred percent probably, no." *Id.* Smith's testimony, while not "a hundred percent positive," is sufficient to show that Castillo was the driver. Any other conclusion would require us to reweigh the evidence, which we may not do.

In any event, Smith testified that the driver was the only occupant of the vehicle, and when Sergeant Zeiser asked Castillo why he left the vehicle, he admitted that it had broken down. This evidence alone is sufficient to show that Castillo operated a vehicle. We therefore conclude that the evidence is sufficient to sustain his convictions.

## II. INAPPROPRIATE SENTENCE

Castillo next contends that his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing

5

*Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

We first look to the statutory ranges established for the classes of the offenses. Castillo was convicted of a Class C felony and a Class A misdemeanor. The statutory range for a Class C felony is between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6(a) (2005). For a Class A misdemeanor, a person may not be imprisoned for more than one year. Ind. Code § 35-50-3-2 (1977). The trial court imposed an aggregate sentence of six years.

We next look to the nature of the offenses and Castillo's character. As to the nature of the offenses, Castillo drove a vehicle despite having a lifetime suspension of his driving privileges and did so with a blood alcohol content over twice the legal limit.

As to his character, Castillo, who was thirty-one years old at the time of sentencing, has accumulated convictions for driving and alcohol offenses for over a decade. His three prior felony convictions include one for operating while intoxicated and two for operating while being a habitual traffic violator. His ten prior misdemeanor convictions include one for minor consumption of alcohol, one for failure to stop after an accident, three for public intoxication, two for driving while suspended, and two for operating while intoxicated endangering a person. He also has a misdemeanor conviction for battery. Castillo has been ordered to complete an alcohol and drug program three times and an intensive outpatient program one time. He has been on some form of probation nine times and has been given in-home detention three times. His most recent

6

term of in-home detention was terminated early at his request, only for him to be arrested two months later on the current offenses.

Castillo's repeated convictions for driving and alcohol offenses, despite attending alcohol and drug programs and an intensive outpatient program and despite being given the benefit of probation and in-home detention, show an inability to conform his behavior to the law. Castillo has thus failed to persuade us that his sentence is inappropriate.

## CONCLUSION

For the reasons stated, we affirm Castillo's convictions and sentence.

Affirmed.

BAKER, J., and NAJAM, J., concur.